HERBERT E. MORTON, Collector, *vs.* PHILIP WILSON, et als.

Penobscot.   Opinion April 25, 1916.

*Chapter 140, Public Laws of 1911, interpreted.   Meaning of words
"employed in trade."   Taxing personal property of non-residents.*

Action of debt, brought by Herbert E. Morton as tax collector of the town
of Etna for the year 1912, against Philip Wilson, of Newport, and Moses
J. Dow and George J. Payne, both of Plymouth, copartners doing business
at Newport under the firm name of Wilson, Dow & Co., to recover for
taxes assessed at $105, upon potatoes kept in a storehouse in the town of
Etna.   The action is brought under section 17, paragraph 1, of the Revised
Statutes, as amended by chapter 140 of the Public Laws of 1911.

*Held:*

1. The burden was upon the plaintiff to establish the fact that the potatoes
were employed in trade in the town of Etna.
2. The testimony does not establish the fact that the potatoes were employed
in trade in the town of Etna on the first day of April, 1912, and therefore
the plaintiff is not entitled to recover in this action.

Action of debt to recover a personal property tax assessed by
the town of Etna against defendants, non-residents.   Defendants
pleaded the general issue and brief statement, alleging that the
property upon which said tax had been assessed was not liable to a
personal tax in said town of Etna for said year.   At the conclusion
of all testimony, the case was reported to the Law Court upon so
much of the evidence as is legally admissible, the Law Court to
render such judgment as the legal rights of the parties require.
Judgment for defendant.

The case is stated in the opinion.

*Donald F. Snow,* for plaintiff.

*William H. Mitchell, and Morse & Cook,* for defendants.

SITTING: SAVAGE, C. J., CORNISH, KING, HALEY, HANSON, PHIL-
BROOK, JJ.

HANSON, J.  On report.  Action of debt, brought by Herbert
E. Morton as tax collector of the town of Etna for the year 1912,
against Philip Wilson of Newport, and Moses J. Dow and George
J. Payne, both of Plymouth, copartner's doing business at New-
port under the firm name of Wilson, Dow & Co., to recover for
taxes assessed at $105 upon potatoes kept in a storehouse in the
town of Etna.  The action is brought under section 17, paragraph 1,
of the Revised Statutes, as amended by chapter 140 of the Public
Laws of 1911, which reads as follows:

"All personal property employed in trade, in the erection of build-
ings or vessels or in the mechanic arts, shall be taxed in the town
where so employed on the first day of each April; provided that
the owner, his servant, sub-contractor or agent so employing it,
occupies any store, storehouse, shop, mill, wharf, landing place or
ship yard therein, for the purpose of such employment."

It is admitted that all statutory requirements as to the assessment
of this tax in question were complied with; but the defendants
contend that the personal property assessed against them was not
legally assessable in the town of Etna.  No question is raised as
to the declaration or the pleadings.

The defendants were engaged in buying potatoes, and on the
first day of April, 1912, had in their storehouse in Etna a quantity
of potatoes which had been purchased by them in Etna and sur-
rounding towns.  That the potatoes were intended for shipment
in carload lots outside the town of Etna is conceded, but the
plaintiff contends that "during the year 1912 several sales of
potatoes were made in small lots to residents of Etna, and that a
considerable amount of fertilizer was also sold from this building
to residents of Etna and vicinity," and urges that these sales of
small lots of potatoes and fertilizer bring the case within the mean-
ing of the statute. because a part of the potatoes and fertilizer so
stored, were "employed in trade" in the town of Etna on the first
day of April, 1912.

The burden was upon the plaintiff to establish the fact that the
potatoes were employed in trade in the town of Etna, and testimony
was introduced tending to show that two or three bushels were
sold from time to time from the storehouse, or as carload lots were

made up; but the defendants and their agent deny such sales on their part, or that any person had authority to make local sales. It appears that two small lots were sold from the storehouse or cars by an employee of the defendants' agent, or by a local vendor, while delivering a large lot to the defendants, but these transactions were without the knowledge, consent, or sanction of the defendants. The testimony does not establish the fact that the potatoes were employed in trade in the town of Etna on the first day of April, 1912, and therefore the plaintiff is not entitled to recover in this action. *Inhabitants of Peru* v. *Estate of Charles Foster,* 109 Maine, 226.

*Judgment for the defendants.*